[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's Motion for Summary Judgment dated November 17, 1999. Plaintiffs did not file a memorandum in opposition or an objection. For the reasons stated in this decision the Motion for Summary Judgment is granted as to all counts.
The plaintiffs brought this action in a three count complaint with a return date of April 21, 1995. Count one alleges simple negligence. Count two alleges recklessness. Count three alleges a violation of the Connecticut Unfair Trade Practices at (CUTPA). the relevant facts for this matter are as follows. On April 13, 1992 the plaintiffs bought a lot in a subdivision known as "Carlyn Estates". the land in which the subdivision is located CT Page 3403 was originally owned by a Mr. Lombarda. Mr. Lombarda hired the defendant to conduct surface soil investigation in order to prepare a subdivision plan to submit to the Killingworth Planning and Zoning Board. The defendant conducted the soil investigation and on October 30, 1987 transmitted the results to the Killingworth Health Department. On March 1, 1988, Killingworth Planning and Zoning Board approved the Lombarda's subdivision plan. In March of 1988 the defendant submitted a final bill for service to Mr. Lombarda. After the plaintiffs purchased their property in April of 1992 they contracted with Conklin and Soroka to survey the property and prepare a septic system. Ultimately, after a number of revisions and testing, the plaintiffs obtained permission to build a septic system on March 25, 1995.
I. COUNT ONE
The plaintiffs claim that the defendant negligently conducted the soil investigation. This count is either governed by Connecticut General Statutes § 52-584 or Connecticut General Statute § 52-584a. Section 52-584 requires that an action be brought no later than three years from the date of the act or omission. Clearly the last act or omission involving the defendant took place in 1988 more than three years prior to the commencement of this action. The defendant argues that even if this court finds that Connecticut General Statutes § 52-584a is the operative statute, the action is still untimely. Connecticut General Statutes § 52-584a is a statute which governs the actions of a professional engineer or architect. This court finds that this action is not governed by § 52-584a. However, even if § 52-584a is the controlling statute, there is no evidence to support the conclusion that the action is timely under that section.
II. COUNT TWO
Count two alleges a violation of the CUTPA statute. Connecticut General Statutes § 42-11 Og(f) requires that an action must be brought within three years after the occurrence or violation of the Unfair Trade Practices Act. The last alleged act of the defendant took place in 1988. The action was not brought until 1995. Clearly it was brought outside the time prescribed by the statutes of limitation.
III. COUNT THREE
CT Page 3404
Recklessness like the negligence count is governed by Connecticut General Statutes § 52-584. Therefore, because the action was brought more than three years from the last act or omission of the defendant that count is time barred.
The defendant's motion for summary judgment is granted
Angela Carol Robinson, Judge.